United States District Court
Southern District of Texas

**ENTERED**

July 29, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY CHARLES RACHAL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-647 |
| | § | |
| BOBBY  LUMPKIN, | § | |
| | § | |
| Respondent. | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

Rodney Charles Rachal, proceeding *pro se*, filed a petition for a writ of habeas corpus. The respondent moved for summary judgment.  For the following reasons, the motion for summary judgment is granted, the petition is denied, and this case is dismissed.

### A.  Background

The relevant facts are not in dispute.  In 1992, Rachal was convicted of capital murder and sentenced to death.  On February 1, 2012, the Texas Court of Criminal Appeals vacated Rachal's death sentence and remanded the case to the trial court for a new sentencing hearing.

In May 2013, the State added three charges against Rachal – one additional count of capital murder and two counts of aggravated robbery -- all stemming from the same events giving rise to Rachal's original conviction.  Rachal pled guilty to all four charges.

On June 5, 2013, the trial court sentenced Rachal to four consecutive life sentences. Rachal did not file a direct appeal, but challenged the convictions in four state habeas corpus applications filed on November 11, 2018.  The Texas Court of Criminal Appeals denied relief on three of the applications on October 16, 2019, and denied relief on the fourth application on

January 8, 2020.  Rachal filed this federal petition on February 9, 2020 claiming that his guilty plea was not knowing and voluntary because he received ineffective assistance of counsel.

**B.  <u>Statute of Limitations</u>**

Respondent argues that Rachal's claims are barred by the statute of limitations.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).  The statute of limitations begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Because Rachal did not file a direct appeal, the statute of limitations began to run on July 5, 2013, 30 days after Rachal's sentence was imposed.  Tex. R. App. P. 26.2(a)(1).  Because July 5, 2014 fell on a Saturday, the limitations period expired on July 7, 2014.  Rachal filed his federal petition on February 9, 2020, more than five years after the limitations period expired.

Although the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending ...," 28 U.S.C. § 2244(d)(2), Rachal did not file his state habeas applications until November 11, 2018.  By that date, the statute of limitations was already expired and there was nothing left for the state habeas applications to toll.

Rachal argues that his sentences relate back to his original conviction in 1992.  He contends that, because the original conviction became final before the enactment of AEDPA, the AEDPA statute of limitations does not apply.  This argument fails for two reasons:  First, there is no basis for finding that a conviction or sentence imposed after a remand relate back to the original conviction; and second, the Fifth Circuit has held that the AEDPA statute of

limitations is applicable to convictions that became final before the enactment of the statute. *See Fierro*, 294 F.3d at 679.  Because Rachal filed this federal petition more than five years after the limitations period expired, the petition must be dismissed as time barred.

### C.  Certificate of Appealability

Rachal has not requested a certificate of appealability, but this court may determine whether he is entitled to one.  *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a certificate either from the district court or an appellate court, but an appellate court will not consider it until the district court has denied the request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses

the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable that the petition is time-barred. Rachal has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### D. Conclusion and Order

Bobby Lumpkin's Motion for Summary Judgment (Doc. # 10) is GRANTED, and Rodney Charles Rachal's Petition for Writ Of Habeas Corpus (Doc #1) is DENIED and is dismissed with prejudice. No certificate of appealability is issued.

It is so ORDERED.

SIGNED on this 29th day of July, 2021.

Kenneth M. Hoyt
United States District Judge